# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| ANNE O'BOYLE, Individually and on Behalf of All Others Similarly Situated, | Case No.: 19-cv-1850 |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | |
| JEFFERSON CAPITAL SYSTEMS, LLC, | **Jury Trial Demanded** |
| Defendant. | |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Anne O'Boyle is an individual who currently resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from her a debt allegedly incurred for personal, family, or household purposes.

5. Defendant Jefferson Capital Systems, LLC ("Jefferson") is a foreign limited liability company and debt collection agency with its principal place of business located at 16

McLeland Road, St. Cloud, Minnesota 56303. Its registered agent in Wisconsin is Corporation Service Company, 8040 Excelsior Drive Suite 400, Madison, Wisconsin 53717.

6. Jefferson is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7. The FDCPA defines a "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment."

8. The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, *or* who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6) (emphasis added); *see, e.g., Barbato v. Greystone Alliance, LLC*, 916 F.3d 260, 267-68 (3d Cir. 2019) ("As long as a business's raison d'être is obtaining payment on the debts that it acquires, it is a debt collector. Who actually obtains the payment or how they do so is of no moment."); *Tepper v. Amos Fin., LLC,* 898 F.3d 364, 371 (3d Cir. 2018) ("In sum, Amos may be one tough gazookus when it attempts to collect the defaulted debts it has purchased, but when its conduct crosses the lines prescribed by the FDCPA, it opens itself up to the Act's penalties."); *Kurtzman v. Nationstar Mortg. LLC*, No. 16-17236, 2017 U.S. App. LEXIS 19750, at *6-7 (11th Cir. Oct. 10, 2017); *McMahon v. LVNV Funding, LLC*, 301 F. Supp. 3d 866, 883 (N.D. Ill. 2018); *Long v. Pendrick Capital Partners II, LLC*, No. 17-cv-1955, 2019 U.S. Dist. LEXIS 44459, at *39-40 (D. Md. Mar. 18, 2019)..

9. The primary purpose of Jefferson's business, and Jefferson's principal purpose, is the collection of consumer debts.

2

10. With respect to Plaintiff, Jefferson is collecting a debt allegedly owed to another – First Premier Bank.

11. Jefferson uses both ordinary collection methods such as mail and telephone communications, and also civil lawsuits, in its collection business.

12. Jefferson is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. Jefferson is a debt collector as defined in 15 U.S.C. § 1692a.

## FACTS

13. On or about October 16, 2019, Jefferson mailed a debt collection letter to Plaintiff regarding an alleged debt owed to Jefferson and a "Debt Description" listed as "PIER 1 IMPORTS." A copy of this letter is attached to this Complaint as Exhibit A.

14. Upon information and belief, the alleged debt referenced in Exhibit A was incurred as a result of a transactions pursuant to a "My Pier 1 Rewards" credit card account. https://www.pier1.com/rewards.

15. Plaintiff opened and used the Pier 1 Account only for personal, family, and household purposes, namely the purchase of household goods for Plaintiff's personal use. *See* https://www.pier1.com/.

16. Upon information and belief, Jefferson first became involved in the collection of Plaintiff's Pier 1 Account after the account was in default.

17. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

18. Upon information and belief, Exhibit A is a form debt collection letter used by Jefferson to attempt to collect alleged debts.

3

19. Upon information and belief, Exhibit A was the first letter that Jefferson sent to Plaintiff regarding this alleged debt.

20. Exhibit A includes the following representations which largely reflect the validation notice that the FDCPA, 15 U.S.C. § 1692g, requires debt collectors to provide along with their initial communications:

> **NOTICE:** Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid.
> If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion of it, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.
> If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor if different from the current creditor.

21. Exhibit A includes the following representations:

> **Restrictive Endorsement/Accord and Satisfaction/Post Dated Checks:** Any check, money order or other instrument tendered as an accord in satisfaction, or which includes a condition, including but not limited to post dated checks, restrictive endorsement or any statement to the effect that acceptance of such instrument shall constitute full or partial satisfaction of a disputed or undisputed debt (collectively, a "Condition") must only be sent to us at PO Box 7999, Department R, Saint Cloud, MN 56302-7999. You must note conspicuously on the face of the payment instrument that it is tendered for this purpose. We reserve the right to refuse to accept any payment that is subject to a Condition. If the payment does not comply with the foregoing and we process it, we will not be bound by any Condition.

22. Exhibit A thus represents that, unless certain requirements are met by the consumer, it may process a payment made by the consumer without being bound by the conditions of "[a]ny check, money order or other instrument tendered as full satisfaction, or which includes a condition, including but not limited to post dated checks, restrictive endorsements or any statement to the effect that acceptance of such instrument shall constitute full or partial satisfaction…."

23. The requirements Exhibit A purports to impose on a consumer in order for Defendant to be bound to accept such a "Condition" are the following: (1) the check, money order, or other such instrument must be sent to a particular P.O. Box; (2) the notice of the condition upon which the instrument must be "conspicuous," and (3) the notice of the condition upon which the instrument must be made "on the face of the payment instrument."

24. Under Wisconsin law, however, a consumer need not adhere to such requirements in order for Jefferson to be bound to honor many of the "Conditions" described by Exhibit A.

4

25. For example, Wis. Stat. § 403.311 provides:

(1) Subsections (2) to (4) apply if a person against whom a claim is asserted proves that all of the following conditions have been met:

    (a) That person in good faith tendered an instrument to the claimant as full satisfaction of the claim.

    (b) The amount of the claim was unliquidated or subject to a bona fide dispute.

    (c) The claimant obtained payment of the instrument.

(2) Unless sub. (3) applies, the claim is discharged if the person against whom the claim is asserted proves that the instrument or an accompanying written communication contained a conspicuous statement to the effect that the instrument was tendered as full satisfaction of the claim.

(3) Subject to sub. (4), a claim is not discharged under sub. (2) if any of the following applies:

    (a) The claimant, if an organization, proves that all of the following conditions have been met:

    …

    (b) The claimant, whether or not an organization, proves that within 90 days after payment of the instrument the claimant tendered repayment of the amount of the instrument to the person against whom the claim is asserted. This paragraph does not apply if the claimant is an organization that sent a statement complying with par. (a) 1.

(4) A claim is discharged if the person against whom the claim is asserted proves that within a reasonable time before collection of the instrument was initiated the claimant, or an agent of the claimant having direct responsibility with respect to the disputed obligation, knew that the instrument was tendered in full satisfaction of the claim.

26. Additionally, Wis. Stat. § 404.401(3) provides:

A bank may charge against the account of a customer a check that is otherwise properly payable from the account, even though payment was made before the date of the check, unless the customer has given notice to the bank of the postdating describing the check with reasonable certainty. The notice is effective for the period stated in s. 404.403 (2) for stop-payment orders, and must be received at such time and in such manner as to afford the bank a reasonable opportunity to act on it before the bank takes any action with respect to the check described in s. 404.303. If a bank charges against the account of a customer a check before the date stated in the notice of postdating, the bank is liable for damages for the loss resulting from its act. The loss may include damages for dishonor of subsequent items under s. 404.402.

5

27. The statement "If the payment does not comply with the foregoing [requirements] and we process it, we will not be bound by any Condition" is therefore a plainly false, deceptive, and misleading representation of a consumer's rights under Wisconsin law.

28. Wisconsin common law also provides that cashing a "full payment check" entitles the party that tendered the full payment check to a complete affirmative defense of accord and satisfaction notwithstanding whether the recipient cashes the check "under protest" or "without prejudice" unless the recipient can show duress, unconscionability, bad faith, or fraud. *See, Flambeau Prods. Corp. v. Honeywell Information Systems, Inc.*, 341 N.W.2d 655, 664-68 (Wis. 1984).

29. "A dunning letter is false and misleading if it 'impl[ies] that certain outcomes might befall a delinquent debtor when, legally, those outcomes cannot come to pass.'" *Boucher v. Fin. Sys. of Green Bay*, 880 F.3d 362, 367 (7th Cir. 2018) (false statement threatening to impose late charges and other charges that could not lawfully be imposed); *Lox v. CDA, Ltd.*, 689 F.3d 818, 825 (7th Cir. 2012) (false statement that the creditor could recover attorneys' fees from the consumer when it could not do so).

30. Plaintiff was confused and misled by <u>Exhibit A</u>.

31. The unsophisticated consumer would be confused and misled by <u>Exhibit A</u>.

### ***The FDCPA***

32. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Derosia v. Credit Corp. Sols.*, No. 17-cv-1671, 2018 U.S. Dist. LEXIS 50016, at *12 (E.D. Wis. Mar. 27, 2018); *Pogorzelski v. Patenaude & Felix APC*, No. 16-C-1330, 2017 U.S. Dist. LEXIS 89678 *9 (E.D. Wis. June 12,

6

2017) ("A plaintiff who receives misinformation from a debt collector has suffered the type of injury the FDCPA was intended to protect against."); *Spuhler v. State Collection Servs.*, No. 16-CV-1149, 2017 U.S. Dist. LEXIS 177631 (E.D. Wis. Oct. 26, 2017) ("As in Pogorzelski, the Spuhlers' allegations that the debt collection letters sent by State Collection contained false representations of the character, amount, or legal status of a debt in violation of their rights under the FDCPA sufficiently pleads a concrete injury-in-fact for purposes of standing."); *Lorang v. Ditech Fin. LLC*, 2017 U.S. Dist. LEXIS 169286, at *6 (W.D. Wis. Oct. 13, 2017) ("the weight of authority in this circuit is that a misrepresentation about a debt is a sufficient injury for standing because a primary purpose of the FDCPA is to protect consumers from receiving false and misleading information."); *Qualls v. T-H Prof'l & Med. Collections, Ltd.*, 2017 U.S. Dist. LEXIS 113037, at *8 (C.D. Ill. July 20, 2017) ("Courts in this Circuit, both before and after Spokeo, have rejected similar challenges to standing in FDCPA cases.") (citing *Hayes v. Convergent Healthcare Recoveries, Inc., 2016 U.S. Dist. LEXIS 139743 (C.D. Ill. 2016)); Long v. Fenton & McGarvey Law Firm P.S.C.*, 223 F. Supp. 3d 773, 777 (S.D. Ind. Dec. 9, 2016) ("While courts have found that violations of other statutes … do not create concrete injuries in fact, violations of the FDCPA are distinguishable from these other statutes and have been repeatedly found to establish concrete injuries."); *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396,

7

at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

33. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

34. Plaintiffs who allege that debt collectors engaged in misrepresentations in their dunning letters have standing, as such misrepresentations risk injury to interests expressly protected by Congress in the FDCPA. *See Oloko v. Receivable Recovery Servs.*, 2019 U.S. Dist. LEXIS 140164 (N.D. Ill. Aug. 19, 2019); *Untershine v. Encore Receivable Mgmt.*, No. 18-CV-1484, 2019 U.S. Dist. LEXIS 134377 *8-9 (E.D. Wis. Aug. 9, 2019) ("Protecting consumers from misinformation is one of the 'concrete interest[s] that Congress sought to protect,' under the FDCPA. If a consumer is misinformed, rather than merely uninformed, the risk of harm is greater.") (internal citations omitted); *Richardson v. Diversified Consultants*, No. 17-cv-4047, 2019 U.S. Dist. LEXIS 118786 *10-11 (N.D. Ill. July 17, 2019) ("the receipt of a communication misrepresenting the character of the debt (here, the amount owed) is the kind of injury that Congress sought to prevent through the FDCPA. 'Such an injury falls squarely within the ambit

of what Congress gave consumers in the FDCPA: 'a legally protected interest in certain information about debts,' with 'deprivation of information about one's debt (in a communication directed to the plaintiff consumer) a cognizable injury.'" (internal citations omitted); *see also Pierre v. Midland Credit Mgmt., Inc.*, 2017 WL 1427070, at *4 (N.D. Ill. Apr. 21, 2017); *Saenz v. Buckeye Check Cashing of Illinois*, 2016 WL 5080747, at *1-2 (N.D. Ill. Sept. 20, 2016); *Bernal v. NRA Grp., LLC*, 318 F.R.D. 64, 72 (N.D. Ill. 2016) (holding that Plaintiff had standing to challenge misleading communication sent to him because the communication violated his "right to be free from such misleading communications"). Such misrepresentations may cause consumers to make incorrect decisions about their finances or make payments to incorrect parties.

35. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

36. 15 U.S.C. § 1692e(10) specifically prohibits the "The threat to take any action that cannot legally be taken or that is not intended to be taken."

37. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

38. 15 U.S.C. § 1692f(4) specifically prohibits the "Depositing or threatening to deposit any postdated check or other postdated payment instrument prior to the date on such check or instrument."

### COUNT I – FDCPA

39. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

40. By stating "If the payment does not comply with the foregoing [requirements] and we process it, we will not be bound by any Condition" where a "Co "[a]ny check, money order or

9

other instrument tendered as full satisfaction, or which includes a condition, including but not limited to post dated checks, restrictive endorsements or any statement to the effect that acceptance of such instrument shall constitute full or partial satisfaction of a disputed

41. Defendant violated 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10), and 1692f(4).

## CLASS ALLEGATIONS

42. Plaintiff brings this action on behalf of a Class, consisting of: (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter by Defendant in the form of <u>Exhibit A</u> to the complaint in this action, (c) seeking to collect an alleged debt incurred for personal, family, or household purposes, (d) between December 18, 2018 and December 18, 2019, inclusive, (e) that was not returned by the postal service.

43. The Class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the Class.

44. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether <u>Exhibits A and/or B</u> violate the FDCPA.

45. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

46. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

47. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

48. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a)  actual damages;

(b)  statutory damages;

(c)  attorneys' fees, litigation expenses and costs of suit; and

(d)  such other or further relief as the Court deems proper.

Dated: December 18, 2019,  **ADEMI & O'REILLY, LLP**

By: /s/ John D. Blythin
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Jesse Fruchter (SBN 1097673)
Ben J. Slatky (SBN 1106892)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
jblythin@ademilaw.com
meldridge@ademilaw.com
jfruchter@adwemilaw.com
bslatky@ademilaw.com